**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

           Plaintiff,

v.

Luis Alonso Sam-Pena,

           Defendant.

No. CR-21-00888-001-PHX-GMS

**ORDER**

Pending before the Court is Defendant Luis Alonso Sam-Pena's ("Defendant") Motion for Review of Detention Order (Doc. 14).  For the reasons stated below, Defendant's motion is denied.

## BACKGROUND

Defendant is charged with one count of Illegal Reentry in violation of 8 U.S.C. 1326(a) and (b)(1).  (Doc. 1.)  Previously, in 2009, Defendant was convicted of felony kidnapping pursuant to A.R.S. § 13-1304.  (Doc. 19-4 at 1.)  Defendant was removed on January 30, 2013, (Doc. 19-5 at 1), and notified that he was prohibited from ever reentering the United States due to his prior felony conviction.  (Doc. 19-6 at 1.)  At some point following his removal, Defendant reentered the United States, and was arrested by ICE at a traffic stop in Phoenix in January 2021.  (Doc. 1 at 2.)  On September 17, Defendant appeared at a Detention Hearing before a Magistrate Judge, who found no condition or combination of conditions could assure Defendant's appearance at trial and ordered him

detained.  (Doc. 22 at 6:2–4.)  Defendant appealed the Magistrate Judge's decision to the Court.  (Doc. 14.)  After full briefing, (Doc. 19; Doc. 21), the Court held a hearing on October 18, 2021 and subsequently granted supplemental briefing on the potential punishment Defendant faced were he to be convicted.  (Doc. 24; Doc. 30.)  The Court has considered the relevant briefing, the Pretrial Services bail report, (Doc. 6), and the transcript of the hearing below.  (Doc. 22.)

## DISCUSSION

### I.    Legal Standard

The Bail Reform Act of 1984 reflects Congress's determination that "any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions, unless a 'judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'"  *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (quoting 18 U.S.C. § 3142(e)).  When, as in this case, the original detention decision is made by a magistrate judge, the person ordered detained "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b).  The review of the Magistrate Judge's decision is de novo.  *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

"On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk."  *Santos-Flores*, 794 F.3d at 1090; *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  The statute requires the Court to consider various factors in determining whether the defendant poses a flight risk.  *Gebro*, 948 F.2d at 1121.  Those factors include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and statutorily specified characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  "Alienage may be taken into account, but it is not dispositive."  *Santos-Flores*, 794 F.3d at 1090.

## II.     Analysis

Turning first to the nature and circumstances of the offense, Defendant faces one count of Illegal Reentry pursuant to 8 U.S.C. § 1326(a) and (b)(1).  Given Defendant's prior felony conviction and failure to comply with the terms of his removal order, this factor weighs in favor of detention.  *See Santos Flores*, 794 F.3d at 1092–93 (finding district court properly considered violation of defendant's order of removal in determining the nature and circumstances of the offense, even when violation of a prior removal order was common to all defendants under 8 U.S.C. § 1326).

Next, the weight of the evidence suggests Defendant is likely to face a substantial punishment if convicted.  While the weight of the evidence is the least important of the various factors, the potential punishment faced by the defendant may be considered "in terms of the likelihood that the person will fail to appear." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).  In doing so, the Court is careful to avoid making a "preliminary determination of guilt." *Id.*

Were Defendant to be convicted, he is likely to face a sentence of between 24 and 37 months in custody.[1]  (Doc. 24 at 2; Doc. 30 at 1).  The Government also represents to the Court that "it is nearly inevitable that Defendant will be removed . . . after serving any term of imprisonment," (Doc. 30 at 2,) and that "ICE will likely seek Defendant's removal" even if he is not convicted (Doc. 30 at 2 n.3.)  In other words, were Defendant to be convicted, he faces upwards of two years—and potentially over three years—in prison.  Whether or not he is convicted, it appears likely he will be removed again.  As a result, the Court finds that the potential punishment faced provides a sufficient incentive for Defendant not to appear for trial, and weighs in favor of pretrial detention.

Third, Defendant's history and statutorily defined characteristics paint a mixed picture.  For one, the Court is mindful that Defendant appears to be a well-regarded presence in his local community.  Defendant's children attend local public schools, he has

---

[1]  The parties dispute whether Defendant's conviction under A.R.S. § 13-1304 is an aggravated felony under the INA.  For the purposes of this motion, the Court need not reach this issue, as the parties are in agreement as to the potential term of imprisonment Defendant would face if convicted.

lived in the same residence with his partner for several years, and he owns property. (Doc. 14 at 4; Doc. 13 (sealed)). Defendant also appears to be active in his community's religious life and has a sister in the United States who is a citizen. (Doc. 14 at 5.) On the other hand, Defendant's partner is also present in the country without authorization, as are three of his six children. (Doc. 22 at 5:19–20; 6:11–13.) Defendant's parents, and his other sibling, both live in Mexico. (Doc. 14 at 5.) Defendant also owns property in Mexico. *Id.* While Defendant does have strong ties to his community in Phoenix, it cannot be said that those ties are necessarily stable given his family's immigration status, and the possibility of prison and near-certain removal.

Finally, the Court does not believe Defendant poses a danger to the community. Defendant has one felony conviction from over a decade ago, and otherwise does not appear to have faced any subsequent legal trouble. Therefore, this factor weighs against pretrial detention.

### CONCLUSION

Given the foregoing, the Court finds by a preponderance of the evidence that no condition or combination of conditions is likely to reasonably assure the appearance of Defendant at trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Review of Detention Order (Doc. 14) is **DENIED.**

Dated this 3rd day of November, 2021.

G. Murray Snow
Chief United States District Judge